UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Kimberly McCormick</u>
<u>Jason McManus</u>

     v.                                                  Case No. 23-cv-466-SE-TSM

<u>Alma Ruth Beckwith</u>

## **REPORT AND RECOMMENDATION**

Plaintiffs Kimberly McCormick and Jason McManus, appearing pro se and in forma pauperis, have sued Alma Ruth Beckwith in a dispute over real property located in Wakefield, New Hampshire. <u>See</u> Compl. (Doc. No 1); Attachments (Doc. No. 1-1). The complaint (Doc. No. 1) is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

## **Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings like the plaintiffs' which are filed in forma pauperis. <u>See</u> LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. <u>See</u> Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiffs' favor. <u>See</u> Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**

Liberally construing the complaint and its attachments in the plaintiffs' favor, it appears that they are seeking relief from state court landlord-tenant proceedings that were resolved against them, granting possession of the property to Alma Beckwith.  See Beckwith v. McCormick, No. 464-2-23-LT-00027 (N.H. Cir. Ct, 3d Cir., Dist. Div. – Ossipee) Notice of Judgment, Sept. 12, 2023 (Doc. No. 1-1 at 5); Beckwith v. McCormick, No. 212-2019-CV-00133, Carroll Cty. Super. Ct., Writ of Possession, Jan. 26, 2023 (Doc. No. 1-1 at 7).

**Discussion**

Subject Matter Jurisdiction

The threshold issue the court must resolve is whether this court has subject matter jurisdiction to consider the plaintiffs' claims. "Federal courts are courts of limited jurisdiction," Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and "[w]ithout jurisdiction[,] the court cannot proceed at all in any cause," Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, (1998). Lack of subject matter jurisdiction can be raised by the court sua sponte at any point during a lawsuit. See Fed. R. Civ. P. 12(h)(3); see also Progressive Consumers Fed. Credit Union v. United States, 79 F.3d 1228, 1230 (1st Cir. 1996).

Rooker-Feldman Doctrine

The Rooker-Feldman doctrine divests this court of jurisdiction over a federal case filed by a party to proceedings in state court, where the state court proceedings ended before the federal court case commenced, and the plaintiff in the federal case complains of injuries resulting from the state court rulings and "'invit[es] district court review and rejection of [the state court's] judgments.'" Skinner v. Switzer, 562 U.S. 521, 532 (2011) (citation omitted). Rooker-Feldman is "quasi-jurisdictional," in that, among federal courts, "only the U.S. Supreme Court has authority

to invalidate state civil judgments." Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003) (citations omitted); see also Dempsey v. Massachusetts State, 959 F.2d 230, 1992 WL 60438, at *1 (1st Cir. 1992) (unpublished)("[F]ederal district courts do not sit as 'super appellate courts' reviewing errors allegedly committed by a state court.") (citation omitted).

This case fits squarely within the Rooker-Feldman principle.  Plaintiffs filed this action seeking to undo the effect of the adverse judgments in their eviction cases.  This court lacks jurisdiction to review their claims challenging the validity of the result in those proceedings, upon which they base their request for an order returning the property to them.  See Compl. (Doc. No. 1) at 4. Under the Rooker-Feldman doctrine, this action must be dismissed.

## Conclusion

Based on the foregoing, the district judge should dismiss this case for lack of jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

January 24, 2024
cc:  Kimberly McCormick, pro se
     Jason McManus, pro se